IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL E. DAVIS,

                    Plaintiff,
                                        CIVIL ACTION
            vs.                         No. 05-3145-SAC

DARYL KOSIAK,

                    Defendant.


ORDER

Plaintiff proceeds pro se and in forma pauperis on a civil complaint seeking damages based on the alleged mishandling of two administrative claims plaintiff submitted to the Bureau of Prisons (BOP) in 2003 under the Federal Tort Claims Act (FTCA) while he was confined in the United States Penitentiary in Florence, Colorado. Plaintiff alleges Daryl Kosiak, in the BOP Regional Office in Kansas City, Kansas, failed to process or respond to these claims in a timely manner.  Plaintiff argues he is thus entitled to default judgment on these two claims.

By an order dated July 12, 2005, the court found the complaint as presented was subject to being dismissed as stating no claim.  To the extent plaintiff might be seeking relief under FTCA on the merits of the two administrative claims, the court granted plaintiff the opportunity to amend the complaint to clarify that as the basis for the relief being sought, and to name a proper defendant.

In response, plaintiff filed a motion to amend his complaint, and reiterates therein that he is seeking relief, namely

$12,000,095.70, based on BOP's alleged default in failing to file a timely response to his FTCA claims.  Because such relief is squarely foreclosed by 28 U.S.C. § 2675(a),[1] the court finds plaintiff's complaint as amended states no claim for relief.

Accordingly, the court grants plaintiff's motion to amend, but finding no legal basis for plaintiff's claim for damages against defendant Kosiak or the United States based on the handling of plaintiff's two FTCA claims, the court concludes the amended complaint should be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion to amend (Doc. 9) is granted, and that the amended complaint is dismissed as stating no claim for relief.

**IT IS SO ORDERED.**

DATED:  This 22nd day of February 2006 at Topeka, Kansas.


     s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge

---

[1]28 U.S.C. § 2675(a) provides that the failure of an agency to make a final disposition of an administrative tort claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of seeking relief under FTCA against the agency in a United States District Court.